1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONDEL DELBERT GARDNER,                    No.  2: 19-cv-0272 TLN KJN P

12                  Plaintiff,

13          v.                                    ORDER

14    GAVIN NEWSOM, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3      The court is required to screen complaints brought by prisoners seeking relief against a

4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

15  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

16  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

17  1227.

18      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

23  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

24  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

25  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

26  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

27  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

28  In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

1  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

2  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

3  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4          Named as defendants are Gavin Newsom, M. Voong, J. Lynch, Lieutenant Ellen,

5  Counselor Coach and unidentified laundry staff.  Plaintiff's allegations are difficult to understand.

6          Plaintiff appears to allege that he was charged with a rules violation for stealing soap at

7  his job.  Plaintiff alleges that he would not have had to steal state soap if he had been given a pay

8  number.  Plaintiff alleges that he was denied due process during his disciplinary hearing.  Plaintiff

9  appears to claim that his grievances challenging the guilty finding were not properly processed.

10 Plaintiff alleges that he is suing for ten million dollars because his attempts to file administrative

11 appeals were thwarted and he was denied due process.

12          Plaintiff does not allege how he was denied due process during his prison disciplinary

13 hearing.  For this reason, plaintiff's due process claim is dismissed with leave to amend.  In an

14 amended complaint, plaintiff must clearly describe the alleged due process violations.

15          In addition, "[f]ederal law opens two main avenues to relief on complaints related to

16 imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under ... 42

17 U.S.C. § 1983."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  "Challenges to the

18 validity of any confinement or to particulars affecting its duration are the province of habeas

19 corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983

20 action." Id. (internal citation omitted).  A prisoner's claims are within the core of habeas corpus if

21 they challenge the fact or duration of his conviction or sentence.  Nettles v. Grounds, 830 F.3d

22 922, 934 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017).

23          In Heck v. Humphrey, the United States Supreme Court held that a section 1983 claim

24 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity

25 of his conviction or sentence."  Heck, 512 U.S. at 486-87.  In Edwards v. Balisok, 520 U.S. 641,

26 648 (1997), the Supreme Court applied the Heck bar to a Section 1983 action involving allegedly

27 defective prison disciplinary procedures resulting in a loss of "good-time" credits.  Accordingly,

28 "a state prisoner's [section] 1983 action is barred (absent prior invalidation) -- no matter the relief

1   sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

2   leading to conviction or internal prison proceedings) -- if success in that action would necessarily

3   demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-

4   02 (2005).

5          However, a prisoner's Section 1983 action challenging disciplinary proceedings is not

6   barred by Heck if the challenge "threatens no consequence for [the] conviction or the duration of

7   [the] sentence." Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam).  Applying that

8   limitation, the Ninth Circuit concluded in Nettles v. Grounds, 830 F.3d at 934-36, that a

9   California prisoner facing a life term who challenged a disciplinary hearing that resulted in a loss

10   of good time credits would not necessarily be entitled to a speedier release if successful and, as a

11   result, could bring the claim under Section 1983.

12          In an amended complaint, plaintiff shall address whether he was assessed time credits as a

13   result of his disciplinary conviction.  Plaintiff shall also address whether the assessment of time

14   credits has any impact on his release date.

15          Finally, plaintiff's claim that prison officials failed to properly process his administrative

16   appeals does not state a potentially colorable due process claim.  See Ramirez v. Galaza, 334 F.3d

17   850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific

18   prison grievance procedure.") (citation omitted); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

19   1988) (due process not violated simply because defendant fails properly to process grievances

20   submitted for consideration).

21          For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend.

22   If plaintiff files an amended complaint, he must link each named defendant to the alleged

23   deprivations.  In other words, plaintiff must allege how each named defendant violated his

24   constitutional rights.

25          The Civil Rights Act under which this action was filed provides as follows:

26                 Every person who, under color of [state law] . . . subjects, or causes
                 to be subjected, any citizen of the United States . . . to the deprivation
27                 of any rights, privileges, or immunities secured by the Constitution .
                 . . shall be liable to the party injured in an action at law, suit in equity,
28                 or other proper proceeding for redress.

                                            4

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), <u>cert. denied</u>, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Ramirez v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once

plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  April 30, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gard272.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDEL DELBERT GARDNER, | No.  2: 19-cv-0272 TLN KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____          Amended Complaint
DATED:

                                        _____
                                        Plaintiff