# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDEL DELBERT GARDNER,<br><br>    Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et.al.,<br><br>    Defendants. | Case No.: 1:20-cv-00240-SAB (PC)<br><br>SCREENING ORDER GRANTING LEAVE TO FILE A THIRD AMENDED COMPLAINT AND REFERRING MATTER TO SUJEAN PARK, ADR & PRO BONO COORDINATOR, TO LOCATE COUNSEL TO BE APPOINTED FOR THE LIMITED PURPOSE OF FILING A THIRD AMENDED COMPLAINT<br><br>[ECF No. 21] |

Plaintiff Rondel Delbert Gardner is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**RELEVANT HISTORY**

Plaintiff filed the instant case on February 13, 2019, in the United States District Court for the Eastern District of California, Sacramento Division.

On April 30, 2019, the Court screened Plaintiff's complaint, found that Plaintiff failed to state any cognizable claims for relief, and granted Plaintiff leave to file an amended complaint. (ECF No. 8.)

///

Plaintiff filed a first amended complaint on May 23, 2019. (ECF No. 11.)

On October 2, 2019, Magistrate Judge Kendall J. Newman appointed counsel Bryan L. Hawkins and Sarah E. Kozal for the limited purpose of filing a second amended complaint. (ECF No. 15.)

A second amended complaint was filed on January 31, 2020. (ECF No. 21.) On this same date, counsel for Plaintiff was terminated.

On February 8, 2020, the action was transferred to this Court because the allegations presented in the second amended complaint took place in the Kings County which is part of the Fresno Division of the United States District Court for the Eastern District of California. (ECF No. 22.)

Thus, Plaintiff's second amended complaint, filed on January 31, 2020, is before the Court for screening pursuant to 28 U.S.C. § 1915A.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible,

which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the second amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names M. Voong, correctional officer Lawrence, correctional officer Feairra, correctional lieutenant Ellen, J. Ceballos, and J. Lynch, as Defendants.

Plaintiff is a 60-year old Native American. Plaintiff has significant vision problems and requires use of a cane.

On May 13, 2019, Plaintiff attended his scheduled Board of Parole Hearings Consultation and was informed that he failed to appear for his job assignment, assigned as of April 25, 2019. Plaintiff was not notified of this assignment prior to the consultation and had been receiving Rules Violation Reports for failure to attend during that time period. Plaintiff was told by a housing unit officer that he had not been allowed to report to work because he is "ADA" and "not acceptable for the job."

On June 19, 2019, Plaintiff submitted an 1824 (reasonable accommodation) alleging discrimination and explained that although he had been assigned to the job, he was not allowed to attend because he is ADA elderly. Plaintiff reiterated these concerns in an inmate appeal, also submitted on June 19, 2019. Responses to both the 1824 request and inmate appeal failed to investigate the disability claims.

On or about November 1, 2019, Plaintiff again appeared at work but was turned away due to his age and disability.

Plaintiff has been deemed eligible for the Substance Use Disorder Treatment program since at least November 2018. On May 10, 2019, Plaintiff was issued a Rules Violation Report for failure to meet program/work expectations for alleged failure to attend a Substance Use Disorder Treatment

3

program meeting, and was deemed a "program failure." Plaintiff contends that Defendants violated Plaintiff's due process rights by extending his Board of Parole Hearing from no later than December 31, 2019 to 2032, depriving Plaintiff of the opportunity to provide his defense. Plaintiff understood himself to be a Priority Legal User and to have the day off from the meeting to access the law library, but was not given the opportunity to make this case before the Board of Parole Hearing date was extended.

**IV.**

**DISCUSSION**

**A.     Linkage Requirement Under Section 1983**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Here, Plaintiff fails to link each individual Defendant to any deprivation of his rights. Rather, Plaintiff simply refers to "Defendants" as a whole. However, Plaintiff must link each individually named Defendant to an alleged deprivation of his rights and state what he/she did or did not do.

**B.     Title VII of the Civil Rights Act**

Title VII prohibits employers from making employment decisions based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. In addition, prior to filing a Title VII claim in federal court, a plaintiff must first obtain a right-to-sue letter from the Equal Opportunity Commission. 42 U.S.C. § 2000e-5(f)(1); see also Baker v. McNeil Island Corr. Ctr., 859 F.2d 124, 125 (9th Cir. 1988). First, because it appears that Plaintiff's employment is mandatory due to his status as a

prisoner, he is not an "employee" for purposes of Title VII. See Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994) (noting that the Equal Protection Opportunity Commission ("EEOC") has held that inmates working directly for a prison pursuant to state law requiring prisoners to work at hard labor are not "employee" within 701(f) of Title VII); Oliver Thomas v. Fed. Bureau of Prisons et al., No. 16-cv-012-SM, 2016 WL 3838033, at *3 (D.N.H. May 16, 2016) (explaining that a federal prisoner-plaintiff is not an employee, so plaintiff could not pursue a claim under Title VII); Simon v. Fed. Prison Indus., Inc., No. 03-10792-JLT, 2003 WL 26128191, at *2 n.7 (D. Mass. July 15, 2003) ("Prisoners working in prison industries are not 'employees' under Title VII and thus it does not, [sic] apply to them.") (citation omitted). Second, even assuming that Plaintiff is an "employee" for purposes of Title VII, Plaintiff cannot bring a claim under Title VII because the employment decision was based on his alleged disability, namely his age. Third, Plaintiff has not alleged that he obtained a letter to sue. Accordingly, Plaintiff has not and likely cannot state a claim under Title VII.

**C.     Americans with Disabilities Act**

Title II of the ADA applies to the administration of state prisons. Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 209-10 (1998) (claims against a "public entity" under Title II of ADA may be directed to state correctional systems). A prisoner may state a Title II claim based on "the alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs[.]" U.S. v. Georgia, 546 U.S. 151, 157 (2006).

To state a cognizable failure-to-accommodate claim under Title II, an individual must allege the following four elements: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability. O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations, punctuation and internal quotation marks omitted); see also Simmons v. Navajo County, 609 F.3d 1011, 1021 (9th Cir. 2010).

///

The ADA authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity.'" Pennsylvania Dep't of Corr., 524 U.S. at 210. "To recover monetary damages under Title II of the ADA …, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139.

"In suits under Title II of the ADA … the proper defendant usually is an organization rather than a natural person…. Thus, as a rule, there is no personal liability under Title II." Roundtree v. Adams, No. 1:01-cv-06502-OWW-LJO, 2005 WL 3284405 (E.D. Cal. 1, 2005) (quotations and citations omitted). Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

Plaintiff must name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D. Haw. Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D. Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D. Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

Here, Plaintiff contends that "Defendants" discriminated against him because he has an impairment. However, assuming Plaintiff has a disability under the ADA, the proper Defendant to name in an ADA claim is the California Department of Corrections and/or the Warden at California State Prison, Corcoran in his official capacity only. Plaintiff has not named either of those Defendants, and has therefore not named a proper Defendant for purposes of ADA liability.

**D.     Due Process**

"When protected interests are implicated, the right to some kind of prior hearing is paramount…." Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70 (1972)).  However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).  The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56.

The Due Process Clause of the Fourteenth Amendment does not provide any right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011).  When a state enacts a statutory scheme allowing parole, however, the state creates a liberty interest and "the Due Process Clause requires fair procedures for its vindication." Id.  The liberty interest at issue here is the interest in receiving parole consideration when the California standards for parole have been met, and the minimum procedures adequate for due process protection of that interest. Id. at 221.  In the context of parole, the Supreme Court has held that the procedures required are minimal. Id. at 220; see also

7

Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision…." (emphasis in original). Due process requires that the State furnish a parole applicant with an opportunity to be heard and a statement of reasons for the denial of parole. Swarthout, 562 U.S. at 220.

Here, Plaintiff contends because he was issued a Rules Violation Report on or about May 10, 2019, which deprived him of the ability to properly defend himself at the Board of Parole Hearing on December 31, 2019. However, as stated above in section A, Plaintiff fails to link each individual Defendant to any alleged deprivation of his rights. Accordingly, the Court cannot determine what named Defendants, if any, may be liable for the alleged due process violation.

### E.     Appointment of Counsel

In light of the fact that counsel was previously appointed to draft the second amended complaint, the Court finds that appointment of counsel for Plaintiff is warranted again for the limited purpose of drafting a third amended complaint. Therefore, this matter will be referred to Sujean Park, this Court's ADR & Pro Bono Coordinator, to assist in locating and appointing counsel for the limited purpose of drafting a third amended complaint and any subsequent amended complaints.

## V.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. This matter is referred to Sujean Park, this Court's ADR& Pro Bono Coordinator to attempt to locate pro bono counsel to represent Plaintiff in these proceedings;
2. If an attorney can be found to represent Plaintiff, that attorney shall be appointed as counsel for Plaintiff, if only for the limited purpose of drafting the third amended complaint;
3. Within sixty (60) days from the date of an order appointing counsel, Plaintiff shall file a third amended complaint in compliance with this order; and
4. The Clerk of Court shall serve a copy of this order on Sujean Par, this Court's ADR & Pro Bono Coordinator.

IT IS SO ORDERED.

Dated: **February 27, 2020**

UNITED STATES MAGISTRATE JUDGE