# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDEL DELBERT GARDNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GAVIN NEWSOM, et.al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00240-SAB (PC)<br><br>ORDER OVERULING PLAINTIFF'S OBJECTION TO ORDER OF INTRADISTRICT TRANSFER AND DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE<br><br>[ECF No. 27] |

Plaintiff Rondel Delbert Gardner is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a change of venue and objection to the order of intradistrict transfer from Sacramento, filed March 9, 2020.

**I.**

**DISCUSSION**

**A.　　Objection to Order of Intradistrict Transfer**

The federal venue statute requires that a civil action be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district

in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1404(a); see also Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).

In addition, pursuant to Rule 120(f) of the Local Rules of the Eastern District of California, a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to another venue within the district. Local Rule 120(f).

The original complaint was filed in the Sacramento Division of this Court. On April 30, 2019, the Court screened Plaintiff's complaint, found that Plaintiff failed to state any cognizable claims for relief, and granted Plaintiff leave to file an amended complaint. (ECF No. 8.) Plaintiff filed a first amended complaint on May 23, 2019. (ECF No. 11.) On October 2, 2019, Magistrate Judge Kendall J. Newman appointed counsel Bryan L. Hawkins and Sarah E. Kozal for the limited purpose of filing a second amended complaint. (ECF No. 15.) A second amended complaint was filed on January 31, 2020. (ECF No. 21.) On this same date, counsel for Plaintiff was terminated.

On February 8, 2020, the action was transferred to this Court because the allegations presented in the second amended complaint took place in the Kings County which is part of the Fresno Division of the United States District Court for the Eastern District of California. (ECF No. 22.)

Plaintiff contends that he is now housed in Los Angeles County and he objects to the change of venue at this point in the action.

The decision to transfer venue of a civil action under § 1404(a) lies soundly within the discretion of the trial court. Jones v. GNC Franchising Inc., 211 F.2d 495, 498 (9th Cir. 2000). Because venue for the alleged violations which took place in Kings County lies in the Fresno Division of the Eastern District of California and not Sacramento, the action was properly transferred to this Court, and the interests of justice counsel in favor of retaining this action. Therefore, Plaintiff's objection to the transfer is overruled.

///
///

**B. Motion for Transfer of Venue**

Plaintiff seeks a change of venue to the United States District Court for the Central District of California because he is currently housed in Los Angeles County.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving to transfer venue under section 1404(a) bears the burden of establishing the factors in favor of transfer. Jones v. GNC Franchising Inc., 211 F.2d at 499. Under this section, the party seeking the transfer must meet an initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).

Here, this action could not have been originally brought in the Sacramento Division or the Central District, as all Defendants are located and the incidents giving rise to the claims occurred, in the Eastern District of California. (ECF No. 21.) Accordingly, venue is proper in the Fresno Division and Plaintiff has failed to raise any grounds on which venue would be proper in the Sacramento Division or in the Central District of California.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's objection to the order of intradistrict transfer is overruled; and
2. Plaintiff's motion for transfer of venue is denied.

IT IS SO ORDERED.

Dated: __**March 12, 2020**__

UNITED STATES MAGISTRATE JUDGE