**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONDEL DELBERT GARDNER,<br><br>  Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM, et.al.,<br><br>  Defendants. | Case No. 1:20-cv-00240-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 34) |

Plaintiff Rondel Delbert Gardner is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a restraining order and/or preliminary injunction, filed April 21, 2020.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely

1

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

Plaintiff seeks a temporary restraining order because he is the subject of retaliation by prison staff and other inmates based on his race and age. The Court lacks jurisdiction to issue the order requested by Plaintiff. As an initial matter, Plaintiff's case is in the preliminary screening stage, and the United States Marshal has yet to effect service on any Defendant, and Defendants have no actual notice

and have not made an appearance.  Therefore, the Court has no personal jurisdiction over any Defendant at this time.  Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983).  Further, Plaintiff fails to set forth sufficient facts that would lead the Court to conclude he is likely to suffer irreparable harm absent preliminary relief.   Plaintiff makes vague reference to being physically assaulted and delay in receipt of his legal mail.  Plaintiff's general allegations of retaliation and disrespect by prison staff and other inmates are insufficient to establish that he faces imminent danger.  Lastly, to the extent Plaintiff seeks preliminary injunctive relief "to preclude prison officials from violating his constitutional rights, they are already legally obligated to refrain from such violations." Jackson v. Walker, No. CIV S 06-2023-WBS GGH P, 2007 WL 3173021, at *2 (E.D. Cal. Oct. 29, 2007), report and recommendation adopted, 2007 WL 4287403 (denying request for temporary restraining order and emergency preliminary injunction where plaintiff sought an order "prohibiting harassment reprisals, and constitutional violations").  Accordingly, Plaintiff's motion for a temporary restraining order and/or preliminary injunction should be denied.[1]

## II.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and/or preliminary injunction be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

///

---

[1] Plaintiff's contention that this Court and his assigned counsel have put his case on the "back burner," is without merit. The Court is well aware of Plaintiff's pending case and Plaintiff is advised that the deadline for counsel to file a third amended complaint does not expire until May 18, 2020.

1 | Recommendation."  Plaintiff is advised that failure to file objections within the specified time may
2 | result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014)
3 | (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5 | IT IS SO ORDERED.

6 | Dated:   **April 22, 2020**

7 | UNITED STATES MAGISTRATE JUDGE