UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDEL DELBERT GARDNER,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et.al.,<br><br>    Defendants. | Case No.: 1:20-cv-00240-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO QUASH AND REQUEST TO PRESENT RELEVANT EVIDENCE BE DENIED<br><br>(ECF No. 52) |

Plaintiff Rondel Delbert Gardner is proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion entitled, "motion to quash and request the evidence that is relevant to the case and the interest of justice," filed September 8, 2020. In his motion, Plaintiff states, in part, "I sending this forth with as evidence that is relavant [sic] to the case a coersive [sic] discion [sic] of the court in my favor be judgement of the court all document are my of interest of the cour[t]." (ECF No. 52 at 6.)  Because Plaintiff seeks judgment in his favor, the Court construes Plaintiff's motion as a request for declaratory judgment.

Under Federal Rule of Civil Procedure 57, "[t]he court may order a speedy hearing of a declaratory judgment action." A declaratory judgment allows a party to seek a ruling on his prospective rights before an "actual controversy ... has ... reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done

so." Seattle Audubon Soc. v. Moseley, 80 F.3d 1401, 1405 (9th Cir.1996).  Declaratory judgment allows the party to clarify what his obligations are, so that he can avoid future lawsuits. Id. A declaratory judgment is appropriate "whether or not further relief is or could be sought." 28 U.S.C. § 2201; Fed.R.Civ.P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.").

Declaratory relief is discretionary in nature. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir.1998) (en banc) (citation omitted) ("The Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.").   Rule 57 of the Federal Rules of Civil Procedure provides in relevant part that "[the existence of another adequate remedy does not preclude a judgment for declaratory relief *in cases where it is appropriate."* (Italics added). In exercising its discretion to decide whether to grant declaratory relief, the court must consider, among other factors, whether a declaratory judgment will serve a useful purpose. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

In this instance, Plaintiff's "Rule 57 Motion" for a declaratory ruling or judgment is premature because Defendants have not yet filed an answer and the time to do so has not yet expired.  Thus, the Court has not yet issued the discovery and scheduling order.  Further, to the extent Plaintiff seeks a dispositive rulings on either the facts or the law on issues purportedly raised by declaratory-relief-related issues, those issues have not yet been properly brought before the court or resolved by admission of the Defendants, stipulation of the parties, or a duly noticed motion filed in accordance with the yet to be issued scheduling order.  There is simply no basis to grant Plaintiff's Rule 57 motion for declaratory judgment.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for declaratory judgment be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may

2

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 10, 2020**

UNITED STATES MAGISTRATE JUDGE