UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDEL DELBERT GARDNER,<br><br>  Plaintiff,<br><br> v.<br><br>GAVIN NEWSOM, et.al.,<br><br>  Defendants. | Case No.: 1:20-cv-00240-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 51) |

Plaintiff Rondel Delbert Gardner is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendants' motion to dismiss, filed August 27, 2020.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against the California Department of Corrections and Rehabilitation and California State Prison, Corcoran for violations of the Americans with Disabilities Act and Due Process Clause under the Fourteenth Amendment of the United States Constitution.

On March 2, 2020, the Court screened Plaintiff's second amended complaint, and referred the matter to our Pro Bono Coordinator to locate counsel to be appointed for the limited purpose of filing a third amended complaint.  (ECF No. 24.)

1   On March 17, 2020, the Court appointed Jason R. Crockford for the limited purpose of filing a third amended complaint.  (ECF No. 31.)  A third amended complaint was filed May 15, 2020, and counsel Jason R. Crockford was terminated from the action.  (ECF No. 37.)

On May 20, 2020, the Court ordered that the first amended complaint be electronically served on the California Department of Corrections and Rehabilitation and California State Prison, Corcoran.  (ECF No. 38.)

After receiving an extension of time, Defendants filed the instant motion to dismiss on August 27, 2020.  (ECF No. 51.)  Plaintiff filed an opposition on September 21, 2020, and Defendants filed a reply on September 29, 2020.  (ECF Nos. 56, 58.)  On October 7, 2020, Plaintiff filed a supplement to his opposition.  (ECF No. 59.)

## II.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).  Yet, the court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2006).

## III.

## DISCUSSION

**A.     Allegations of Third Amended Complaint**

Plaintiff is currently serving a 25-to-life sentence as a Third Striker, with a term start date of October 21, 2011.  (Third Am. Compl. ("TAC") ¶ 10.)

Plaintiff is Native American, 60 years of age, and has vision problems which requires the use of a cane.  (Id. ¶ 11.)  "At all times relevant to this complaint, it is alleged that the Defendant CDCR, and thereby Defendant CSP-COR, considered Plaintiff Gardner to be ADA Elderly and to have an impairment that substantially limits one or more of his life events."  (Id. ¶ 13.)

Plaintiff was an inmate at California State Prison Sacramento "prior to March 10, 2019."  (Id. ¶¶ 14-15.)  In January 2019, Plaintiff's inmate appeal was rejected, in part, because "it was not printed legibly in ink and in no smaller than a 12-point font."  (Id. ¶ 14.)  Plaintiff contends that even if he meet all other requirements, the appeal would have been dismissed as illegible.  (Id.)

Plaintiff was transferred to California State Prison-Corcoran on March 10, 2019.  (Id. ¶ 15.)

On April 25, 2019, Plaintiff was assigned to work as a "Porter."  Plaintiff contends he was not provided an "Inmate Assignment Card" to work as a "Porter," despite Plaintiff's claim that such cards are typically issued to the inmate with the location, time and date.  (Id. ¶ 16.)

Between April 25, 2019 and May 10, 2019, Plaintiff was issued Rules Violation Reports for failure to appear at his work assignment and to meet the assignment expectations.  (Id. ¶ 17.)

Between April 25, 2019 and November 2019, Plaintiff was advised by a housing unit officer that he was not allowed to report to work because of his status as ADA.  (Id. ¶ 18.)

In November 2018, Plaintiff was deemed eligible for a Substance Abuse Program.  (Id. ¶ 19.) On May 10, 2019, Plaintiff contends that he was issued Priority Legal User status which relieved him from his obligation to attended programming.  (Id. ¶ 20.)

On, or about May 10, 2019, issued a Rules Violation Report to Plaintiff for failure to report to the Substance Abuse Program meeting on May 10, 2019.  (Id. ¶ 21.)  Plaintiff contends that it was known that he was a Priority Legal User on the date that he was absent.  (Id.)

On May 13, 2019, Plaintiff attended a scheduled Board of Parole Hearings Consultation.  (Id. ¶

22.) Plaintiff was advised that he failed to report to his work assignment as a Porter. (Id.) Plaintiff contends his parole hearing date was extended from no later than December 31, 2019 to 2032, as a result of the Rules Violation Reports in his file. (Id.)

On, or about, June 19, 2019, Plaintiff submitted a CDCR Form 1824 alleging discrimination and explained that although he was assigned to the job, he was not allowed to attend because he was considered ADA elderly. (Id. ¶ 23.)

On June 19, 2019, Plaintiff submitted an inmate appeal regarding the Rules Violation Reports he previously received. (Id. ¶ 24.)

On, or about, July 1, 2019, Plaintiff received a response with regard to his Form 1824 request and inmate appeal. (Id. ¶ 25.)

On, or about, November 1, 2019, Plaintiff reported to his job assignment as a Porter, but he was turned away from the job due to his age and disability. (Id. ¶ 26.) Plaintiff contends that work assignments enhance an inmate's ability to earn positive supervisory reports and to be employed in the community after release. Plaintiff contends that it was known that his work assignments and supervisory reports, including Rules Violation Reports, are considered during the Board of Parole Consultation Hearings. (Id. ¶ 27.)

Plaintiff claims that Defendants "had knowledge" of Plaintiff's impairments that "limited his ability to write legibly and effectively communicate the discriminatory actions taken by employees of CDCR and/or to properly defend the Rules Violation Reports he was issued." (Id. ¶ 28.) However, Defendants did not provide him the necessary assistance for him to understand or "successfully participate" in the disciplinary and administrative complaint and appeal process. (Id. ¶ 29.) Defendants "had reason to know" "all" of Plaintiff's Form 1825 and inmate appeals "would fail or be dismissed." (Id. ¶¶ 30, 31.)

Plaintiff claims his due process rights were violated because Defendants knew the May 10, 2019 Rules Violation Report would affect the outcome of Plaintiff's Board of Parole Consultation Hearing on May 13, 2019, and he was not provided the necessary assistance to complete and properly submit administrative forms. (Id. ¶¶ 33-36.)

///

Plaintiff also contends a violation of the Americans with Disabilities (ADA), because his Form 1824 and inmate appeals were denied based on his disability. Plaintiff also contends that he was turned away from his job as a porter because of his disability. (Id. ¶¶ 37-41.)

### B. Defendants' Request for Judicial Notice

Defendants' request the Court take judicial notice of the following: (1) Abstract of judgment for Plaintiff's current prison commitment, Superior Court of California, County of Imperial, No. JCF26539; Information printed from CDCR's inmate locator website regarding Plaintiff https://inmatelocator.cdcr.ca.gov/details.aspx?ID=E71905 (visited August 17, 2020); Board of Parole Hearings Consultation dated May 13, 2019 for Plaintiff; Notice of Consultation; and Notice and Request for Assistance at Parole Proceeding dated April 23, 2019. (ECF No. 51-2, Exs. A-C.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). Records of CDCR are subject to judicial notice as records not subject to reasonable dispute, as are records of California state courts. Fed. R. Evid. 201(b)(2); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n. 2.(9th Cir. 2004); Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

Because the Court may take judicial notice of public records, including duly recorded documents under Rule 201(b)(2), Defendants' request to take judicial notice of the above-mentioned documents is granted.

///

///

**C.     Analysis of Defendants' Motion**

Defendants argue that Plaintiff has failed to state a cognizable due process claim because he has not named a proper defendant, and he has not and cannot demonstrate a protected liberty interest. In addition, Defendants argue that California State Prison-Corcoran should be dismissed from the action because it is not a separate or independent entity from CDCR.

1.     Due Process Claim

Defendants argue that Plaintiff's due process claim fails and should be dismissed. The Court agrees.

As an initial matter, CDCR and California State Prison-Corcoran cannot be sued for damages under 42 U.S.C. § 1983 because it is an agency of the State of California. See Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (finding CDCR as agency of State of California enjoys immunity from suit conferred by the Eleventh Amendment). In addition, a state is a not a "person" subject to suit under section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 68-70 (1989). In this instance, CDCR as an arm of the state is not a "person" subject to suit under section 1983, and should be dismissed with regard to Plaintiff's due process claim. Therefore, Plaintiff's due process claim seeking damages should be dismissed.

Furthermore, any due process claim seeking injunctive relief, is moot. The alleged conduct at issue in this case took place at California State Prison-Corcoran. (TAC ¶¶ 12-13, 15-27.) However, Plaintiff is now incarcerated at California State Prison-Los Angeles County. Accordingly, any injunctive relief due process claim is moot. Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

Moreover, Plaintiff's due process claim fails on the merits because he has not demonstrated a protected liberty interest. The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at

221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  With regard to state parole, if the parole eligibility will not inevitably effect a parole decision, there can be no due process claim.  Sandin, 515 U.S. at 483-87.

The parole "consultation" hearing does not implicate or impinge Plaintiff's eligibility for parole and does not implicate the due process clause.  (TAC ¶ 22.)  A parole decision is not rendered at the consultation hearing which would affect an inmate's ability to parole.  Rather, the consultation is simply an opportunity for the inmate to meet with a Board of Parole Hearings Commissioner, who makes recommendations regarding the inmate's initial parole eligibility hearing.  In fact, the consultation hearing occurs at least six years prior to the initial hearing and does not impact that date.  Penal Code section 3041(a)(1) provides:

> In the case of any inmate sentenced pursuant to any law, other than Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, the Board of Parole Hearings shall meet with each inmate during the sixth year before the inmate's minimum eligible parole date for the purposes of reviewing and documenting the inmate's activities and conduct pertinent to parole eligibility.  During this consultation, the board shall provide the inmate information about the parole hearing process, legal factors relevant to his or her suitability or unsuitability for parole, and individualized recommendations for the inmate regarding his or her work assignments, rehabilitative programs, and institutional behavior.  Within 30 days following the consultation, the board shall issue its positive and negative findings and recommendations to the inmate in writing.

Cal. Penal Code § 3041(a)(1).

Thus, the consultation hearing is simply a meeting with the board to discuss factors relevant to suitability, such as work assignments, institutional behavior, program and suitability for parole.  Id.  An actual parole suitability hearing does not occur until, at the earliest, one year before the inmate's minimum eligible parole date.  Cal. Penal Code § 3041(a)(2).

Here, Plaintiff was sentenced in 2011 to 25 years to life under the Three Strikes Law, California Penal Code 1170.12.  (ECF No. 51-2, Ex. A; TAC ¶ 10.)  Under the three strikes law, Plaintiff must serve the minimum term of twenty-five years before he is even eligible for parole.

7

People v. Dotson, 16 Cal.4th 547, 552 (1997).  Based on CDCR's website, Plaintiff's minimum eligible parole date ifs in January 2032.  (ECF No. 51-2, Ex. B.)  The Board of Parole Hearings record of the May 13, 2019 demonstrates it was a consultation hearing, not an eligibility hearing.  (ECF No. 51-2, Ex. C.)  Thus, it is clear that Plaintiff's minimum eligible parole date is not until approximately January 2032, and the May 13, 2019 hearing was simply the consultation hearing.  Consequently, Plaintiff's claim that his date was "extended" until 2032 is incorrect.  Furthermore, although several Rules Violation Reports were noted, the alleged May 10, 2019 Rules Violation Report was not mentioned at the consultation hearing.  Accordingly, Plaintiff has failed to plead facts demonstrating a liberty interest was at stake at the May 13, 2019 consultation hearing, and Plaintiff's due process claim fails on the merits.

Lastly, to the extent Plaintiff contends his due process rights were violated with regard to the Form 1824 and/or 602 inmate complaints, it is clearly established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  Thus, Plaintiff has not and cannot state a claim based on the lack of access to the prison's grievance process.

2.   Defendant California State Prison-Corcoran

Defendants correctly point out that the California State Prison-Corcoran is under the authority of CDCR, and is therefore not a separate and independent entity.

California Government Code section 12838 created the CDCR consisting of the following units: Adult Operations, Adult Programs, Health Care Services, Juvenile Justice, the Board of Parole Hearings, the State Commission on Juvenile Justice, the Prison Industry Authority, and the Prison Industry Board. Cal. Gov. Code § 12838.  Thus, Defendant California State Prison-Corcoran is a unit under CDCR with no independent legal personality outside of CDCR.  Therefore, California State Prison-Corcoran should be dismissed.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss, filed on August 27, 2020, be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **October 14, 2020**

UNITED STATES MAGISTRATE JUDGE