1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 RONDEL DELBERT GARDNER, | ) Case No.: 1:20-cv-00240-NONE-SAB (PC) |
| 12 Plaintiff, | ) |
| 13 v. | ) ORDER SETTING REMOTE SETTLEMENT CONFERENCE AND STAYING CASE FOR 65 DAYS |
| 14 GAVIN NEWSOM, et.al., | ) |
| 15 Defendants. | ) Date: **March 30, 2021** |
| 16 | ) Time: **9:30 a.m.** |

17        Plaintiff Rondel Delbert Gardner is proceeding *pro se* and *in forma pauperis* in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19        The Court finds this case suitable for referral to post-screening ADR (Alternative Dispute

20   Resolution), which is an effort to resolve such cases more expeditiously and less expensively.  No

21   claims, defenses or objections shall be waived by the parties' participation.  In appropriate cases,

22   defense counsel form the California State Attorney General's Office has agreed to participate in these

23   early settlements.

24        As set forth in the screening order, Plaintiff has stated a cognizable civil rights claim.  But,

25   stating a cognizable claim does not mean Plaintiff will prevail at trial.  Thus, the Court stays this

26   action for a period of 65 days to allow the parties to investigate Plaintiff's claims, meet and confer,

27   and then participate in a settlement conference.

28

1

1     Therefore, this case will be referred to Magistrate Judge Barbara A. McAuliffe to conduct a

2  settlement conference on **March 30, 2021 at 9:30 a.m.**  In light of the coronavirus (COVID-19)

3  outbreak and evolving coronavirus protocols, the Court finds that the parties shall appear **remotely** via

4  the Zoom videoconferencing application.

5     Counsel for Defendants shall contact Courtroom Deputy, Esther Valdez, at (559) 499-5799 or

6  evaldez@caed.uscourts.gov for the video and dial-in information, including any necessary passcodes,

7  for all parties.  Counsel for Defendants is also required to arrange for Plaintiff's participation by

8  contacting the Litigation Coordinator at the institution where Plaintiff is housed and providing the

9  necessary Zoom contact information.

10     In issuing this order, there is a presumption that this case will proceed to a settlement

11  conference.[1]  However, if after investigating Plaintiff's claims and speaking with Plaintiff, and after

12  conferring with others, defense counsel in good faith finds that a settlement conference would be a

13  waste of resources, defense counsel may move to opt out of this early settlement conference.  A

14  written notice to opt out must be filed within 30 days of the date of the issuance of this order.

15     The parties shall each submit to Judge McAuliffe a confidential settlement conference

16  statement, as described below, to arrive at least seven days prior (one week) to the conference.

17     The Court puts the parties on notice that if Plaintiff has any outstanding criminal restitution

18  obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the

19  restitution obligation is, but what the value the of the case itself is to each side, irrespective of any

20  outstanding restitution obligation.

21     In accordance with the above, IT IS HEREBY ORDERED that:

22     1.     This action is STAYED for 65 days to allow the parties an opportunity to settle their

23            dispute before the discovery process begins.  Except as provided herein or by

24            subsequent court order, no other pleadings or other documents may be filed in this case

25            during the stay of this action.  The parties shall not engage in formal discovery, but may

26            engage is informal discovery to prepare for the settlement conference.

27

28  [1]  If the case does not settle, the Court will then issue the Discovery and Scheduling Order.

2

1    2.    This case is set for a <u>remote</u> settlement conference before Magistrate Judge Barbara A.

2          McAuliffe on **March 30, 2021, at 9:30 a.m.**

3    3.    A representative with full and unlimited authority to negotiate and enter into a binding

4          settlement shall attend in person.

5    4.    Those in attendance must be prepared to discuss the claims, defenses and damages.

6          The failure of any counsel, party or authorized person subject to this order to appear in

7          person may result in the cancellation of the conference and the imposition of sanctions.

8          The manner and timing of Plaintiff's transportation to and from the conference is

9          within the discretion of CDCR.

10   5.    Defendants shall provide a confidential settlement statement to the following email

11         address: <u>bamorders**@caed.uscourts.gov**</u>.  Plaintiff shall mail his confidential

12         settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California,

13         93721, **"Attention: Magistrate Judge Barbara A. McAuliffe."**  The envelope shall

14         be marked "Confidential Settlement Statement".  Settlement statements shall arrive no

15         later than **March 23, 2021**.  Parties shall also file a <u>Notice of Submission of</u>

16         <u>Confidential Settlement Statement</u> (See Local Rule 270(d)).  Settlement statements

17         **should not be filed** with the Clerk of the Court **nor served on any other party**.

18         Settlement statements shall be clearly marked "confidential" with the date and time of

19         the settlement conference indicated prominently thereon.

20   6.    The confidential settlement statement shall be **no longer than five pages** in length,

21         typed or neatly printed, and include the following:

22         a.  A brief statement of the facts of the case.

23         b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon

24             which the claims are founded; a forthright evaluation of the parties' likelihood of

25             prevailing on the claims and defenses; and a description of the major issues in

26             dispute.

27         c.  An estimate of the cost and time to be expended for further discovery, pretrial, and

28             trial.

1          d.   The party's position on settlement, including present demands and offers and a

2                history of past settlement discussions, offers, and demands.

3          e.   A brief statement of each party's expectations and goals for the settlement

4                conference, including how much a party is willing to accept and/or willing to pay.

5          f.   <u>If the parties intend to discuss the joint settlement of any other actions or claims not</u>

6                <u>in this suit, give a brief description of each action or claim as set forth above,</u>

7                <u>including case number(s), if applicable.</u>

8    7.     If a settlement is reached at any point during the stay of this action, the parties shall file

9          a Notice of Settlement in accordance with Local Rule 160.

10   8.     If the defense counsel wishes to "opt- out" of this settlement for the reasons stated

11         above, counsel must do so within **thirty (30) days** of this order by filing a "Notice of

12         Opt-Out and Request to Vacate Settlement Conference."

13   9.     The parties remain obligated to keep the court informed of their current address at all

14         times during the stay and while the action is pending.  Any change of address must be

15         reported promptly to the court in a separate document captioned for this case and

16         entitled "Notice of Change of Address."  <u>See</u> Local Rule 182(f).

17   10.    A failure to follow these procedures may result in the imposition of sanctions by the

18         court.

19

20   IT IS SO ORDERED.

21   Dated:   __**January 26, 2021**__

22                               UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28